REQUESTED BY: Honorable Don Wesely Member of the Legislature 808 State Capitol Lincoln, Nebraska 68509
Dear Senator Wesely:
You have inquired whether the Game and Parks Commission may expend funds from the Land and Water Conservation for aid to political subdivisions if federal funding pursuant to Public Law 88-578 is no longer available. You question whether the appropriation in LB 561 would be able to be spent by the state if matching funds are not available from the federal government.
The Land and Water Conservation Fund was created in Neb.Rev.Stat. § 37-428 (Reissue 1978) for the purpose of providing money for matching purposes to be used by the Nebraska Game and Parks Commission for participation with the federal government under Public Law 88-578. The Nebraska Game and Parks Commission was empowered at Neb.Rev.Stat. § 37-427 (Reissue 1978) to perform all acts as may be necessary to conduct, coordinate and carry out the purposes and objectives of that act which are to meet the present and future outdoor recreation needs of this state.
Neb.Rev.Stat. § 37-428 (Reissue 1978) provides in pertinent part:
 All money made available to the Land and Water Conservation Fund for matching purposes by state appropriations shall be remitted to the State Treasurer and by him placed in such fund. Land and Water Conservation Fund money shall be used by the Game and Parks Commission under the provisions of Public Law 88-578, 88th Congress, for financing administrative and project costs thereunder. The Game and Parks Commission may make grants-in-aid to political subdivisions of the state from money made available for matching purposes by state appropriations in amounts not exceeding twenty-five per cent of the cost of approved projects submitted by such political subdivisions.
Public Law 88-578 provides for apportionment among the various states, of funds made available for outdoor and recreational purposes, imposes the requirement of state matching funds and the development of a comprehensive state outdoor recreation plan as well as state compliance with that plan and all projects financed thereunder.
Neb.Rev.Stat. § 37-428 discusses compliance with P.L. 88-578 but does not mention federal contribution as a condition of the state participation. State funding is statutorily limited to twenty-five per cent of the project cost. Although the Legislature enacted Neb.Rev.Stat. § 37-427 and § 37-428 envisioning compliance with and obtaining matching funds pursuant to the federal law, the state act does not require federal funds as a condition for expenditure of funds from the Land and Water Conservation Fund. The statute does provide that the projects must be approved and that they shall be used under the provisions of Public Law 88-578. We see no reason that a project meeting the requirements under the federal law and being approved by the state should not receive the state funds irrespective of federal participation in funding. A project that meets the state master plan is no less desirable for the present and future outdoor recreation of this state just because the federal government has ceased to appropriate federal funds for such projects. The amount of the state funds for disbursement is fixed, with or without federal participation. Therefore, federal participation does not affect the amount of state money used for any particular project. Further, the Legislature has indicated its approval of the construction of these projects by the enactment of Neb.Rev.Stat. § 37-427 and 37-428
(Reissue 1978) and by the continued yearly appropriation of funds for these purposes.
It is our conclusion that should the Legislature appropriate funds for expenditure by the Land and Water Conservation Fund for the coming year, the Nebraska Game and Parks Commission would not be precluded from spending those funds on projects meeting the requirements of Public Law 88-578 so long as the state participation does not exceed twenty-five per cent of the cost of the approved projects. We do not read federal participation as a condition to the state participation under the present act.
Very truly yours, PAUL L. DOUGLAS Attorney General G. Roderic Anderson Assistant Attorney General